KAREN S. FRANK (State Bar No. 130887)
THOMAS A. HARVEY (State Bar No. 235342)
FORAM DAVE (State Bar No. 305494)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:  ef-ksf@cpdb.com
        ef-tah@cpdb.com
        ef-fxd@cpdb.com

Attorneys for Plaintiffs
Broadcast Music, Inc., et al.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; EMI CONSORTIUM SONGS, INC. d/b/a EMI LONGITUDE MUSIC; GIBB BROTHERS MUSIC; CROMPTON SONGS; SONY/ATV SONGS LLC d/b/a/ SONY/ATV ACUFF ROSE MUSIC; COBURN MUSIC, INC.; KOBALT MUSIC PUBLISHING AMERICA INC. d/b/a/ SONGS OF KOBALT MUSIC PUBLISHING; BEECHWOOD MUSIC CORPORATION; SONY/ATV LATIN MUSIC PUBLISHING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> W 151 LLC d/b/a WHISKY BARREL TAVERN a/k/a WHISK(E)Y BARREL; ADELIO WALDEN a/k/a DALE WALDEN and JERRY WOLFE, each individually, <br><br> Defendants. | Case No. 20-at-223 <br><br> **COMPLAINT** <br><br> Trial Date:     None Set |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant

to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 15 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff EMI Consortium Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Gibb Brothers Music is a partnership between the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Coburn Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Kobalt Music Publishing America Inc. is a corporation doing business as Songs of Kobalt Music Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Beechwood Music Corporation is corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Sony/ATV Latin Music Publishing LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Defendant W 151 LLC is a limited liability company organized and existing under the laws of the state of California, which operates, maintains and controls an establishment known as Whisky Barrel Tavern a/k/a Whisk(e)y Barrel, located at 151 W Alder St., Stockton, California 95204, in this district (the "Establishment").

14. In connection with the operation of the Establishment, Defendant W 151 LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant W 151 LLC has a direct financial interest in the Establishment.

16. Defendant Adelio Walden a/k/a Dale Walden is a managing member of Defendant W 151 LLC with responsibility for the operation and management of that corporation and the Establishment.

17. Defendant Adelio Walden a/k/a Dale Walden has the right and ability to supervise the activities of Defendant W 151 LLC and a direct financial interest in that corporation and the Establishment.

18. Defendant Jerry Wolfe is a managing member of Defendant W 151 LLC with responsibility for the operation and management of that corporation and the Establishment.

19. Defendant Jerry Wolfe has the right and ability to supervise the activities of Defendant W 151 LLC and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

20. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 19.

21. Since March 2019, BMI has reached out to Defendants over forty (40) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

22. Plaintiffs allege five (5) claims of willful copyright infringement, based upon

Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical

composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

DATED:  March 3, 2020                    COBLENTZ PATCH DUFFY & BASS LLP

By:     */s/ Karen S. Frank*
KAREN S. FRANK
THOMAS A. HARVEY
FORAM DAVE
Attorneys for Plaintiffs
Broadcast Music, Inc., et al.

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Shout |
| Line 3 | Writer(s) | O'Kelly Isley; Ronald Isley; Rudolph Isley |
| Line 4 | Publisher Plaintiff(s) | EMI Consortium Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 5/26/87   5/26/87   1/12/87   1/12/87   1/12/87   1/12/87<br>8/18/59   8/18/59 |
| Line 6 | Registration No(s). | RE 340-032   RE 340-033   RE 321-405   RE 321-406   RE 321-407   RE 321-408   Ep 132761   Ep 132762 |
| Line 7 | Date(s) of Infringement | 12/14/2019 |
| Line 8 | Place of Infringement | Whisky Barrel Tavern |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Stayin' Alive a/k/a Staying Alive |
| Line 3 | Writer(s) | Barry Gibb; Robin Gibb; Maurice Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 3/7/77       2/13/78<br>3/19/84     3/19/84 |
| Line 6 | Registration No(s). | Eu 761684   PA 178<br>PA 209-625    PAu 618-264 |
| Line 7 | Date(s) of Infringement | 12/14/2019 |
| Line 8 | Place of Infringement | Whisky Barrel Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Watermelon Crawl |
| Line 3 | Writer(s) | Buddy Brock; Zack Turner |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music; Coburn Music, Inc.; Kobalt Music Publishing America Inc. d/b/a Songs Of Kobalt Music Publishing |
| Line 5 | Date(s) of Registration | 1/11/93 |
| Line 6 | Registration No(s). | PA 596-931 |
| Line 7 | Date(s) of Infringement | 12/14/2019 |
| Line 8 | Place of Infringement | Whisky Barrel Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | We Will Rock You |
| Line 3 | Writer(s) | Brian May |
| Line 4 | Publisher Plaintiff(s) | Beechwood Music Corporation |
| Line 5 | Date(s) of Registration | 11/18/77   1/30/78   7/16/79 |
| Line 6 | Registration No(s). | Eu 846121   PA 107   PA 39-056 |
| Line 7 | Date(s) of Infringement | 12/14/2019 |
| Line 8 | Place of Infringement | Whisky Barrel Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Suavemente |
| Line 3 | Writer(s) | Elvis Crespo |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Latin Music Publishing LLC |
| Line 5 | Date(s) of Registration | 1/29/99 |
| Line 6 | Registration No(s). | PA 934-438 |
| Line 7 | Date(s) of Infringement | 12/14/2019 |
| Line 8 | Place of Infringement | Whisky Barrel Tavern |